## KNIGHT v. WILSON.

### 4-2772

Opinion delivered December 12, 1932.

*H. B. Means* and *D. M. Halbert,* for appellant.

*John L. McClellan,* for appellee.

HUMPHREYS, J. Appellee instituted action in replevin against appellant, W. L. Knight, in the circuit

court of Hot Spring County to recover possession of a brown Jersey heifer, alleging that he was the rightful owner of the heifer and that appellant was wrongfully detaining her under a false claim of ownership.

Appellant filed an answer denying the material allegations of the complaint.

The cause was submitted upon the pleadings and testimony adduced by the respective parties and instructions of the court, which resulted in a verdict and judgment in favor of appellee, from which is this appeal.

During the progress of the trial, the court made T. C. White a party defendant after he appeared voluntarily and testified that he and his wife owned an undivided interest with W. L. Knight in the heifer, to which action neither appellant objected and excepted at the time.

The action of the court in making T. C. White a party is urged here as a ground for the reversal of the verdict and judgment. No proper exception having been saved to the action of the court at the time in making him a party, that question cannot be raised on appeal. It was too late to raise the question the first time in appellant's motion for a new trial.

The only other question raised for a reversal of the verdict and judgment is that the court erred in admitting the testimony of witnesses, Benson Wheat and Porter Harper, relative to what was said and done in the presence of W. L. Knight and appellee in an effort to show which of the two owned the heifer in question. At the time appellee found and claimed the heifer, he was informed by W. L. Knight that he had purchased her from J. M. Greer and Mr. ................ Mays over at Okolona. Appellee then went after Greer and Mays, who came back with him for the purpose of identifying the yearling they let Knight have. Knight was present, and they identified a red yearling with white spots on its flanks and not the yearling in question as the one Knight got from them. The objection made to the introduction of

the testimony was that it was hearsay. We do not think so. The parties had agreed, without assistance from either, for Greer and Mays to select from the yearlings in the pasture the one they had let Knight have. They selected a different yearling from the one in controversy as the one they had let Knight have, and this circumstance tended to throw light on the issue being litigated as to the ownership of the heifer. The testimony was properly admitted.

No error appearing, the judgment is affirmed.